```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        BLUEFIELD DIVISION
```

**LOUISE C. RAWLS, et al.,**
          **Plaintiffs,**

**v.**                                **CIVIL ACTION NO.: 1:10-cv-01272**

**ASSOCIATED MATERIALS, LLC, et al.,**
          **Defendants.**

<u>MEMORANDUM OPINION AND ORDER</u>

Before the court is defendants' motion to dismiss plaintiffs' complaint (Doc. # 4). For reasons more fully expressed herein, the motion is **GRANTED** in part and **DENIED** in part.

## I. Factual and Procedural History

Plaintiffs Louise and Merrill Rawls (collectively "the plaintiffs") brought suit against Associated Materials, LLC, American Original Building Products, LLC, and John S. Melvin, in the Circuit Court of Mercer County, West Virginia, on October 1, 2010. The facts of the case relate to plaintiffs' purchase of siding for their home in Patrick County, Virginia from the defendants. In their complaint, the plaintiffs allege that defendants

> sold and installed vinyl siding that did not
> conform to express warranties. Moreover,
> plaintiffs allege that defendants did not
> honor their express warranties by ignoring
> requests to do so and otherwise committing
> willful and/or negligent acts to Plaintiff's
> detriment.

1

State Court Complaint, filed as Exhibit 1 to Notice of Removal, p. 4. Specifically, plaintiffs complain of "an unusual and somewhat uniform spotting" on the vinyl siding, "that appears to be a manufacturing defect, which continues to worsen with the passing of time." Id. at 7. Plaintiffs plead eleven counts and ask for numerous different forms of relief. See id. at 5-15.

Defendants removed the case to this court on November 1, 2010, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. One week later, on November 8, 2010, defendants filed the instant motion to dismiss, setting forth numerous grounds for dismissal. The court will address each of defendants' contentions in turn.

## II. Analysis

*A. Venue*

Defendants argue that this case was, from its inception, improperly filed in West Virginia state court. As such, defendants maintain that venue in the Southern District of West Virginia is also improper, pursuant to W. Va. Code § 56-1-1a. Defendants state that "[t]his case should have been brought in a Virginia court and this court should refuse to exercise jurisdiction, instead dismissing the Complaint in its entirety for improper venue." Memorandum in Support of Defendants' Motion to Dismiss, p. 3.

Once a case has been removed to federal court, venue is

fixed in "the federal district court embracing the place where the action is pending." Comer v. ENSR Operations, No. 2:93-0317, 1993 U.S. Dist. LEXIS 21327, at *16 (S.D.W. Va. Nov. 17, 1993). Further, the state court venue in which the case was originally filed can no longer be challenged. Hollis v. Fla. State Univ., 259 F.3d 1295, 1300 (11th Cir. 2001) ("For our purposes it is sufficient to recognize that, as a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed."); Roten v. Werst, No. 1:09-36, 2009 U.S. Dist. LEXIS 33356, at *2 (W.D. Va. Apr. 15, 2009). It is thus unavailing for defendants to argue at this juncture that the Circuit Court of Mercer County, West Virginia was an improper venue for plaintiffs to bring their case.

Plaintiffs could have requested that venue be transferred to the Western District of Virginia under 28 U.S.C. § 1404. Since plaintiffs did not make this request, however, the court will not consider it at this juncture.

*B. Claims barred by the statute of limitations*

Defendants next argue that six of plaintiffs' claims are time-barred under W. Va. Code § 46-2-725, which provides for a four-year statute of limitations for suits related to the "breach of any contract for sale." The allegedly time-barred claims

3

encompass those for breach of warranty (Counts I, II and III); for cancellation of the contract (Counts IV and V); and for relief pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. (Count VI).

Defendants argue that under § 46-2-725, a cause of action for breach of warranty under West Virginia law accrues at the time the product complained of is delivered. Id. at 4 (citing W. Va. Code § 46-2-725(2)). As the plaintiffs' siding was installed in July 2005, and since plaintiffs brought the instant action on October 1, 2010, defendants assert that plaintiffs are outside the statutory four year period in which they may bring their six claims listed above.

In their response to defendants' motion to dismiss, plaintiffs respond by citing the "future performance exception" language of § 46-2-725(2):

> A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

§ 46-2-725(2). Plaintiffs argue that since defendants provided them with a lifetime warranty for the siding, at least some of their claims benefit from § 46-2-725(2)'s future performance exception, and are therefore not time-barred.

4

Count I

Plaintiffs submitted a copy of the lifetime express warranty that defendants allegedly gave to plaintiffs. See Exhibit B to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss. Given plaintiffs' submission, the court cannot conclude that the plaintiffs' claim in Count I is time-barred, as the lifetime warranty explicitly lengthens the warranty period as required under the "future performance exception" of § 46-2-725(2).

Counts II & III

The court DISMISSES, with prejudice, plaintiffs' claim for breach of implied warranty of merchantability (Count II), and plaintiffs' claim for implied warranty of fitness (Count III). Since the implied warranty claims were brought more than four years after defendants delivered the vinyl siding to plaintiffs, they are time-barred under § 46-2-725(2). Crucially, claims for breach of implied warranties cannot benefit from § 46-2-725(2)'s future performance exception to the four year statute of limitations.[1] St. Paul Fire & Marine Ins. Co. v. Emerson Network Power, No. 2:09-cv-234, 2010 U.S. Dist. LEXIS 110240, at *6-7

---

[1] As the claims are time-barred, and because no exception would apply to them, the court dismisses these claims with prejudice. See McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009) ("Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.").

5

(S.D.W. Va. Oct. 15, 2010) (applying § 46-2-725(2)'s four year statute of limitations to claims for breach of implied warranty of merchantability, and dismissing claim when untimely); Atl. Health Sys. v. Cummins Inc., No. 08-3192, 2010 U.S. Dist. LEXIS 133745, at *14 (D.N.J. 2010) ("Implied warranties, by their very nature, cannot extend to future performance because such an extension must be explicit and an implied warranty cannot explicitly state anything."); Woods v. Maytag Co., No. 10-cv-559, 2010 U.S. Dist. LEXIS 116595, at *6-7 (E.D.N.Y. 2010) (holding that § 2-725(2)'s future performance exception "does not apply to the Plaintiff's causes of action for breach of the implied warranty of fitness and the implied warranty of merchantability" because neither are express warranties, as required for the exception to apply); Fritchie v. Alumax Inc., 931 F. Supp. 662, 672 (D. Neb. 1996) ("implied warranties do not trigger the UCC § 2-725(2) exception"); Providence & W. R. Co. v. Sargent & Greenleaf, Inc., 802 F. Supp. 680, 689 (D.R.I. 1992) ("By definition, implied warranties cannot explicitly extend to the future."); Western Recreational Vehicles v. Swift Adhesives, 23 F.3d 1547, 1550 (9th Cir. 1994) (noting that "the majority rule" holds that no implied warranty can meet the requirements of the future performance exception).

### Count IV

Defendants claim that plaintiffs' attempt to cancel the contract for the purchase of the vinyl siding by rejection is similarly time-barred under § 46-2-725(2). Defendants cite no authority for this assertion. Any relevant time limitations for an attempted rejection appear to be governed instead by language from § 46-2-602, which states that "Rejection of goods must be within a reasonable time after their delivery or tender." As defendants have presented no argument related to the reasonableness of plaintiffs' timing in their attempt to reject the contract in their motion to dismiss, the court will not make a determination at this stage.

### Count V

Similarly, defendants fail to cite any authority for their assertion that plaintiffs' attempt to cancel their contract with defendants by revocation of acceptance is time-barred under § 46-2-725(2). The court notes that, in this instance as well, the timeliness of plaintiffs' attempt to revoke acceptance appears to be governed by a different statutory provision. See W. Va. Code § 46-2-608. As defendants have presented no argument on this issue, the court will not make a determination at this juncture.

### Count VI

Defendants maintain that plaintiffs' claims under the Magnuson-Moss Warranty Act ("MMWA") are also time-barred,

7

pursuant to § 46-2-725(2). "Because the MMWA itself does not contain a statute of limitations, courts have consistently applied the default limitations period found in the Uniform Commercial Code." Merricks v. Monaco Coach Corp., No. 3:08-cv-47, 2008 U.S. Dist. LEXIS 100906, at *10-11 (W.D. Va. Dec. 15, 2008); see also Hillery v. Georgie Boy Mfg., 341 F. Supp. 2d 1112, 1114 (D. Ariz. 2004) ("The Magnuson-Moss Warranty Act contains no express statute of limitations. Thus, the court must look to the most analogous state statute to determine what statute of limitations to apply to plaintiff's claim. . . ."). In Merricks, the court applied § 2-725 of Virginia's adopted version of the Uniform Commercial Code to determine the timeliness of plaintiffs' MMWA claims for breach of warranty. See also Sea-Alis, LLC v. Porter, Inc., No. 09-cv-1883, 2011 U.S. Dist. LEXIS 12998, at *11 (D. Colo. Jan. 28, 2011) (applying § 2-725's four-year statute of limitations to claims for breach of warranty related to a defective yacht). As plaintiffs do not dispute that § 46-2-725 provides the applicable statute of limitations for their state law breach of warranty claims, and argue only that the future performance exception should apply, this court finds that § 46-2-725's statute of limitations should be applied to plaintiffs' MMWA claims as well.

In their Complaint, plaintiffs assert that they are seeking relief under the MMWA for breaches of both express and implied

warranties. As the court has already found plaintiffs' claim for breach of express warranty timely, the court finds this same claim similarly timely when brought under the MMWA. See <u>Zaremba v. Marvin Lumber & Cedar Co.</u>, 458 F. Supp. 2d 545, 551-52 (N.D. Ohio 2006) (ruling the same way on the timeliness of an express warranty claim where the claim was first made as a freestanding claim and where it was later brought under the MMWA).

With respect to plaintiffs' claims for breach of implied warranties, the court DISMISSES these, with prejudice, for the same reason expressed earlier in this Opinion. See <u>Mitchell v. Skyline Homes</u>, No. CIV S-09-2241 KJM, 2010 U.S. Dist. LEXIS 54257, at *4-5 (E.D. Cal. May 3, 2010) (holding plaintiff's claim for breach of implied warranty pursuant to MMWA time-barred, where the underlying implied warranty claim was not brought within § 2-725's statute of limitations); <u>see</u> <u>supra</u>, pp. 7-8.

*C. Fraud claims are time-barred and pleaded with insufficient particularity*

Defendants next assert that plaintiffs' claims for fraud and misrepresentation are time-barred and pleaded with insufficient particularity.

<u>Timeliness of Claim</u>

In West Virginia, a claim for fraud or misrepresentation must be brought within two years of the discovery of the defendant's tortious conduct. <u>Dunn v. Rockwell</u>, 225 W. Va. 43,

61 (W. Va. 2009); Trafalgar House Constr. v. Zmm, Inc., 211 W. Va. 578, 583 (W. Va. 2002).  Plaintiffs' argument appears to be that defendants' representations that they would repair certain types of damage to the vinyl siding constituted fraud or misrepresentation, as these statements later turned out to be untrue when plaintiffs requested that defendants make the necessary repairs.  This being the plaintiffs' asserted theory of fraud and misrepresentation, the court must next determine the time at which the plaintiffs discovered the fraud or misrepresentation.  Plaintiffs' Complaint states that they began to notice the spotting on the vinyl siding in July 2008.  The Complaint also states that plaintiffs contacted defendants to ask for repairs, but it makes no mention of when that contact was made.  Logically, the defendants' fraud or misrepresentation would have become apparent to plaintiffs some time after they discovered that defendants were unwilling to honor their former promise to make repairs.  It would have been at this time that the falsity of defendants' prior warranties became evident.  Plaintiffs filed their Complaint on October 1, 2010, approximately two years and three months after they began to notice the spotting on the vinyl siding.  As the parties have failed to provide the court with a date indicating when precisely plaintiffs discovered the falsity of defendants' prior warranties, the court is left to speculate as to when that moment

10

arose.

The United States Court of Appeals for the Fourth Circuit has held that a district court may address an affirmative defense on a 12(b)(6) motion to dismiss, but only "if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'").  Goodman, 494 F.3d, at 464 (4th Cir. 2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).  Since the court is missing crucial information related to the timing of plaintiffs' discovery of the fraud or misrepresentations, the court finds that a determination of timeliness is best left to a later date, once the facts of the case are better developed.

## Sufficiency of Particularity

Under Federal Rules of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  To satisfy the 9(b) standard, a plaintiff "must, at a minimum, describe the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)) (internal quotation marks omitted).  "These facts are

often referred to as the who, what, when, where, and how of the alleged fraud." Id. (internal quotation marks omitted).

The court finds that plaintiffs have met the required pleading standard for describing the alleged fraud and misrepresentation. The court is able to discern which of the defendants' representations the plaintiffs allege to be fraudulent. Plaintiffs have also plead with requisite particularity the time frame during which the fraudulent statements were made, by referencing the purchase and installation of the vinyl siding in July 2005. They have also reasonably identified which defendants are responsible for the fraud or misrepresentation. Lastly, the court is able to infer the gain that would accrue to defendants were they not required to pay for the damaged vinyl siding.

*D. Standing to assert claim under the WVCCPA*

Defendants argue that the plaintiffs, as Virginia residents, cannot assert a claim under the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Defendants maintain that only West Virginia residents have standing to bring suit under the WVCCPA. As this court has already determined, "the exclusions to the WVCCPA are clearly identified in § 105 and those exclusions do not limit the Act only to West Virginia residents." Polis v. Am. Liberty Fin., Inc., 237 F. Supp. 2d 681, 686 (S.D.W. Va. 2002). Consequently, plaintiffs have standing to bring their WVCCPA

claim.

*E. Unconscionability*

Lastly, defendants assert that by failing to plead facts sufficient to show "gross inadequacy of bargaining power and terms unreasonably favorable to the stronger party," Adkins v. Labor Ready, Inc., 303 F.3d 496, 502 (4th Cir. 2001), plaintiffs have failed to plead a cause of action for unconscionability under West Virginia law.

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Acorn Land, LLC v. Baltimore Cnty., Maryland, 2010 U.S. App. LEXIS 19582, at *17-18 (2010). Under Iqbal's exacting standards, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949.

Given that plaintiffs have not even alleged inadequacy of bargaining power or terms of the contract unreasonably favorable to the defendants, the court finds that plaintiffs have failed to plead a claim for unconscionability. Accordingly, Count X of plaintiffs' Complaint is DISMISSED, without prejudice, and plaintiffs may file an amended complaint setting forth facts sufficient to state a claim for unconscionability, if they so

13

desire.

### III. Conclusion

In view of the foregoing, the court partially **GRANTS** defendants' motion to dismiss, and

1. **DISMISSES**, with prejudice, plaintiffs' claims for breach of implied warranties (Counts II & III);

2. **DISMISSES**, with prejudice, plaintiffs' claims for breach of implied warranties under the Magnuson-Moss Warranty Act (Count VI); and

3. **DISMISSES** plaintiffs' claim for unconscionability (Count X).

The court **DENIES** defendants' motion to dismiss as to all other counts.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 1st day of August, 2011.

                                                   ENTER:

                                          David A. Faber
                                          Senior United States District Judge