IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LOUISE C. RAWLS, et al.,
    Plaintiffs,

v.                            CIVIL ACTION NO.: 1:10-cv-01272

ASSOCIATED MATERIALS, LLC, et al.,
    Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court are the following motions: (1) Defendant's Motion for Summary Judgment filed by Associated Materials, LLC, d/b/a Alside ("Associated Materials") (Doc. No. 46); (2) Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 48); (3) Associated Materials' Motion to Strike Plaintiffs' Response in Opposition (Doc. No. 52);[1] and (4) Plaintiffs' Motion to Extend Time to File (Doc. No. 53).

---

[1] Defendant moved to strike Plaintiffs' response in opposition because it was filed 16 hours late, because it mentions "inadmissible purported evidence and declarations regarding inadmissible matters," and because it argues the submission violates Rule 56(h) of the Federal Rules of Civil Procedure. (Doc. No. 52, p.1). Under the Federal Rules of Civil Procedure, the court <u>may</u> strike a document within its discretion or on motion of a party. Fed. R. Civ. P. 12(f). In this case, the court, in its discretion under Rule 12(f), finds the benefit of reviewing Plaintiffs' response weighs more heavily than the countervailing concerns mentioned in Associated Materials' motion to strike. Accordingly, the court **DENIES** the defendant's motion to strike.

1

I. Factual and Procedural History

A. Factual History

Plaintiffs purchased Pelican Bay siding and accompanying installation services from a third party contractor for their home in Patrick County, Virginia.  Plaintiffs paid $6,702.00 for both the siding and its installation.  Plaintiffs alleged in their original complaint that Defendants:

> sold and installed vinyl siding that did not conform to express warranties [. . .] and did not honor their express warranties by ignoring requests [by Plaintiffs] [. . .] and otherwise committing willful and/or negligent acts to Plaintiff's detriment.

Doc. No. 1, Ex. A, p. 4, ¶2.  Specifically, Plaintiffs contend that spotting has formed on the siding and the spotting spreads over time.

Plaintiffs claim they purchased Pelican Bay siding in 2005 after viewing Associated Materials' website and speaking with friends who had previously purchased siding from Associated Materials.  Plaintiffs further claim that they consequently called Associated Materials' supply center in Dunbar, West Virginia, which recommended that Plaintiffs contact John Melvin ("Melvin"), a licensed Bluefield, West Virginia-based home improvement contractor.  Atlantis Plastics, Inc. ("Atlantis") manufactured the Pelican Bay siding that Plaintiffs bought.  Plaintiffs dismissed American Original Building Products, LLC

2

("AOBP"), a current manufacturer of Pelican Bay One-brand siding, as a defendant.  Doc. No. 43; See Doc. No. 47 at p. 3, ¶ 1.  Atlantis expressly warranted Pelican Bay siding.  Id. at p. 4.  Atlantis filed for chapter 11 bankruptcy in 2008, which the bankruptcy court subsequently converted the filing to a chapter 7 bankruptcy proceeding.  Cf. id. at p. 4.

In July 2005, according to his deposition, Melvin purchased Pelican Bay siding directly from Associated Materials' supply center in Dunbar, West Virginia, loaded the siding from the supply center, and transported the siding to the job site— Plaintiffs' home in Virginia.  Doc. No. 47 at p. 5.  Melvin installed the siding in July 2005 for $6,702.00.  Id.

### B. Procedural History

On October 1, 2010, Plaintiffs Louise and Merrill Rawls (collectively "Plaintiffs") sued Associated Materials, AOBP, and Melvin (collectively "Defendants") in the Circuit Court of Mercer County, West Virginia.  Plaintiffs pled eleven counts and asked for numerous forms of relief.  (Doc. No. 47 at 5-15).

On November 1, 2010, Defendants removed the case to this court, asserting federal question jurisdiction in their Notice of Removal.[2]  Doc. No. 1., p. 2.  On November 8, 2010, Defendants

---

[2] Defendants' motion for summary judgment wrongly asserts diversity jurisdiction; rather, 28 U.S.C. § 1331, or federal question jurisdiction, originally provided proper grounds for

3

filed several pre-answer motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Doc. Nos. 4, 5.  Plaintiffs later withdrew Counts IX and XI—breach of a duty of good faith and negligent recommendation respectively.  Doc. No. 8, p. 9.

On August 1, 2011, this court dismissed Plaintiffs' breach of implied warranty claims (Counts II and III) and Plaintiffs' breach of <u>implied</u> warranty claims under 15 U.S.C. § 2301 <u>et seq.</u> (Magnuson-Moss Warranty Act ("Magnuson-Moss")) with prejudice, as barred by the applicable statute of limitations.  Doc. No. 24, p. 9.  However, this court did not completely dismiss Count VI as it found Plaintiffs timely filed the breach of <u>express</u> warranty claim under Magnuson-Moss.  Doc. No. 24, p. 9.  This court also dismissed, without prejudice, plaintiffs' unconscionability claim (Count X) for failure to sufficiently plead the claim under common law.  Doc. No. 24, p. 13.

Plaintiffs' remaining claims are:  Count I—breach of express warranties; Count IV—cancellation of contract by rejection; Count V—cancellation of contract by revocation of acceptance; Count VI-breach of <u>express</u> warranty pursuant to Magnuson-Moss; Count VII—unfair and deceptive acts or practices; and Count VIII—common law fraud and misrepresentation.

---

this court's subject matter jurisdiction and continues to provide proper jurisdiction today.

## II. Analysis

### A. Applicable Law – Motion for Summary Judgment

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact <u>and</u> that the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a)(emphasis added).

Material facts are those necessary to establish the elements of a party's cause of action. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, a reasonable juror could return a verdict for the non-moving party. <u>Id.</u>

Even if there is no dispute as to the evidentiary facts, summary judgment is not appropriate when the parties dispute ultimate <u>factual conclusions</u>. <u>Overstreet v. Kentucky Cent. Life Ins. Co.</u>, 950 F.2d 931, 937 (4th Cir. 1991)(emphasis added). If the moving party meets its burden under Rule 56(a), then the non-moving party must set forth specific facts that would be admissible in evidence that demonstrate the existence of a

5

genuine issue of fact for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

<u>B. Discussion – Summary Judgment applied to remaining counts</u>

<u>1. Breach of Express Warranty under West Virginia law and Magnuson-Moss</u>

The Uniform Commercial Code, as adopted by West Virginia, defines express warranties, in relevant part, as:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

W. Va. Code § 46-2-313(1).

Magnuson-Moss labels the type of express warranty at issue here as a "written warranty" and defines it as:

> (A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or
>
> (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

15 U.S.C. § 2301(6).

Count I is a West Virginia state law breach of express warranty claim against Defendants. Count VI is a related federal law claim, asserting that Associated Materials failed to honor the terms of a written warranty as required under Magnuson-Moss.

The parties agree that Atlantis Plastics expressly warranted Pelican Bay siding that it manufactured when it was still in business. However, only Plaintiffs assert that Associated Materials, the remaining Defendant in this case, also expressly warranted the siding via written advertising materials, a claim that Associate Materials denies. See Doc. No. 47, p. 7. Further, Plaintiffs assert that this alleged express warranty "formed the basis of the bargain" between Associated Materials and Plaintiffs. Doc. No. 51, p. 5.

Both parties agree that the only express warranty that Louise Rawls saw before buying the siding was an express written warranty contained within a Pelican Bay siding brochure, which Ms. Rawls viewed on Associated Materials' website. However, the parties' claims differ as to whose express warranty Louise Rawls saw when she viewed the brochure on her computer. See Doc. No. 46, Ex. 1, p. 19-20(Lifetime Limited Transferable Warranty for Pelican Bay siding, directing manufacturing defect notifications to be sent to Atlantis).

7

Associated Materials maintains that Louise Rawls only saw the brochure that created an express, written warranty by Atlantis.  Doc. No. 47, p. 7, ¶20; see Doc. No. 46, Ex. 1, p. 19-20.  Moreover, Associated Materials claims that Plaintiffs agree with this as they attached that very document to Plaintiffs' response to Associated Materials' motion to dismiss in this case.  Doc. No. 47 at p. 7, ¶ 20.  However, this tells only part of the story.  In her deposition, Louise Rawls claimed that she "looked [the express warranty] up online," that the warranty was made by Associated Materials, and that she "wouldn't purchase a product if it didn't have a warranty." Louise Rawls Depo., pg. 62, ln. 12—23.

Ms. Rawls' claim that she saw Associated Materials as the warrantor on the Pelican Bay brochure found on Associated Materials' own website creates a genuine issue of material fact. That the Pelican Bay brochure currently reads that Atlantis warrants Pelican Bay siding is irrelevant, given a reasonable juror could find that Ms. Rawls saw Associated Materials, not Atlantis, as warrantor at the time she viewed the Pelican Bay brochure online.  The fact that Associated Materials posted the warranty brochure on its website supports this possibility, even if Associated Materials now denies ever expressly warranting Pelican Bay siding or adopting Atlantis' express warranty for Pelican Bay siding.  This fact is material since, if believed by

8

a jury, it would place the brochure squarely under West Virginia law's definition of "express warranty" as well as Magnuson-Moss' definition of "written warranty," both of which are excerpted above. The brochure outlines the express warranty's coverage parameters and Ms. Rawls' deposition shows that the warranty formed part of the basis of her bargain—she "wouldn't purchase a product if it didn't have a warranty." Accordingly, the brochure would qualify both as an "express warranty" for purposes of the UCC as adopted by West Virginia and as a "written warranty" for purposes of Magnuson-Moss.

Further, the deposition of Associated Materials' general counsel, David Campbell, muddies the meaning of the pronoun "our" as it appears in the Pelican Bay limited lifetime warranty brochure. See Doc. No. 51, p. 3. Mr. Campbell's statements dodge and parry Plaintiffs' counsel's questions regarding the meaning of "our"—whether it refers to an Associated Materials warranty or an Atlantis warranty. The nature of Mr. Campbell's answers in his deposition further supports the conclusion that a genuine issue of material fact exists regarding who warranted Pelican Bay siding at the time the Rawls' purchased it.

Accordingly, Associated Materials' motion for summary judgment is **DENIED** as to Count I and Count VI.

### 3. Contract Cancellation by Rejection of Goods and Contract Cancellation by Revocation of Acceptance of Goods

Whether an agency relationship exists is a factual question. Harper v. Jackson Hewitt, Inc., 227 W. Va. 142, 155, 706 S.E.2d 63, 76 (2010). Where an agency relationship exists, the agent acts as the principal's representative when entering into contracts. See Cole v. Fairchild, 198 W. Va. 736, 746, 482 S.E.2d 913, 923 (1996); Teter v. Old Colony Co., 190 W. Va. 711, 719, 441 S.E.2d 728, 736 (1994); State ex rel. Key v. Bond, 94 W. Va. 255, 118 S.E. 276, 279 (1923).

Article 2 of the UCC, as adopted by West Virginia, allows a buyer to reject all or part of the goods under a sale of goods contract where those goods fail to conform to the contract in any way. See W. Va. Code § 46-2-601. However, a buyer may only reject goods within a "reasonable time" after their delivery or tender. See W. Va. Code § 46-2-602. A buyer may no longer reject goods after accepting them. Rather, after accepting goods, the buyer may only revoke acceptance of the goods.

A buyer may revoke acceptance of goods "within a reasonable time after the buyer discovers or should have discovered the ground for" revocation of acceptance. W. Va. Code § 46-2-608(2). However, any ground for revocation of acceptance must, at a minimum, show that the goods' nonconformity "substantially impairs [the goods'] value" to the buyer. Id. It follows

10

logically that the "reasonable time" within which a buyer must reject goods is a shorter time period than the "reasonable time" within which a buyer must revoke acceptance of the goods, since rejection of goods occurs, if at all, <u>before</u> acceptance of goods, and revocation of acceptance of goods occurs, if at all <u>after</u> acceptance of goods.

In all cases, West Virginia has adopted the UCC's standard definition for reasonable as found in Article 1.  Specifically, "[w]hether a time for taking an action required by [the UCC as adopted by West Virginia] is reasonable depends on the nature, purpose, and circumstances of the action."  W. Va. Code. § 46-1-205(a).  Accordingly, the West Virginia Supreme Court has ruled that determining whether a party provided notice to reject or revoke acceptance of goods within a "reasonable time" is a question of fact for the jury to decide.  <u>City Nat. Bank of Charleston v. Wells</u>, 181 W. Va. 763, 770, 384 S.E.2d 374, 381 (1989).

Claim IV is a contract cancellation claim based on rejection of goods and Claim V is a contract cancellation claim based on revocation of acceptance of goods.

The parties dispute that an agency relationship existed between Associated Materials and Melvin when Plaintiffs bought the Pelican Bay siding for their home.  <u>Compare</u> Doc. No. 47, p. 12 <u>with</u> Doc. No. 51, p. 6-8.  Even though rejection or

revocation of acceptance of goods may only be made against a seller of those goods, sellers of goods under the UCC are still subject to the law of agency. Since Associated Materials could be liable on any contracts Melvin entered into with the Plaintiffs while Melvin was purportedly an agent of Associated Materials, whether an agency relationship existed between Melvin and Associated Materials is a material fact. Accordingly, the jury should first decide whether an agency relationship existed between Melvin and Associated Materials.

Assuming a jury found an agency relationship between Melvin and Associated Materials, a jury would then have to find whether Plaintiffs timely rejected the siding or revoked acceptance of the siding under the UCC as adopted by West Virginia. As to questions of West Virginia state law, this court is bound by the acts of the West Virginia legislature, regulations of West Virginia administrative agencies, and, most importantly for this case, decisions of West Virginia state courts.

In Wells, the West Virginia Supreme Court explicitly ruled that the question of what "reasonable time" means for revocation of acceptance of goods is a factual question for the jury. Again, the parties in this case dispute whether Plaintiffs timely notified Associated Materials of Plaintiffs' rejection of the siding or, alternatively, Plaintiffs' revocation of acceptance of the siding. Compare Doc. No. 47, p. 13-14 with

12

Doc. No. 51, p. 9-10. The timeliness of rejection of goods or revocation of acceptance of goods is a material fact because if either is untimely, the buyer loses its right to contract remedies based on rejection or revocation of acceptance grounds. See W. Va. Code § 602, 608(2). Thus, the jury should decide whether Plaintiffs timely rejected the siding or timely revoked acceptance of the siding.

Accordingly, Associated Materials' motion for summary judgment is **DENIED** as to Count IV and Count V.

### 4. Unfair and Deceptive Acts or Practices (West Virginia Consumer Credit and Protection Act)

To assert a legal interest that is protected by the West Virginia Consumer Credit and Protection Act ("WVCCPA"), a consumer must first inform a seller in writing and by certified mail of the alleged violation of the WVCCPA. W. Va. Code § 46A-6-106(b). The Fourth Circuit has recently held that this required notice must specifically assert a violation of the WVCCPA. Stanley v. Huntington Nat. Bank, 12-1145, 2012 WL 3570805 (4th Cir. Aug. 21, 2012)(holding that letters requesting status updates on claims filed under a debt cancellation product were not written notice as required by the WVCCPA).

Count VII is an unfair and deceptive trade practices claim under the WVCCPA.

13

Here, Plaintiffs again erroneously assert that it is the jury's job to determine whether notice is adequate to trigger a legal interest protected by the WVCCPA. Doc. No. 51, p. 11. Rather, whether a party has a protected legal interest under a given statute is a question of law. See, e.g., Bilal v. N. Carolina, 287 F. App'x 241, 244 (4th Cir. 2008)(reviewing de novo "the legal question of whether [Petitioner] was afforded adequate notice" under 28 U.S.C. § 2254). Moreover, neither party disputes that Plaintiffs sent a letter to AOBP, not Associated Materials, seeking a status update on Plaintiffs' warranty inquiries with AOBP. Doc. No. 48, Ex. G. Accordingly, no genuine issue of material fact exists as to whether Associated Materials received notice for purposes of the WVCCPA— it did not.

As to the legal question in this count, Plaintiffs' letter only sought to "discuss proceeding with [Plaintiffs'] warranty claim." Id. Only in the last sentence of the letter do Plaintiffs mention suing under the WVCCPA. Id. In the absence of West Virginia law on what precisely is enough notice to trigger a legal interest that the WVCCPA will protect, this court will follow the Fourth Circuit's decision in Stanley v. Huntington Nat. Bank.³ In that case, sending two letters asking

---

³ Stanley v. Huntington Nat. Bank, 12-1145, 2012 WL 3570805 (4th Cir. Aug. 21, 2012) is an unpublished opinion and thus not

14

for an update on a claim for a debt cancellation product is directly analogous to these Plaintiffs' letter to AOBP asking for an update on a warranty claim.  Such notice in that case was not sufficient to trigger the WVCCPA's protections and neither is Plaintiffs' alleged notice in this case.  In essence, simply checking the status of a separate right under the law—a warranty claim—does not equate to giving notice of another right under the law—that Associated Materials acted unfairly or deceptively according to the WVCCPA.  Simply tacking on a threat to proceed with legal action under the WVCCPA does not provide notice to Associated Materials as to what they may have done to violate the WVCCPA, especially if Associated Materials did not receive the letter sent to AOBP as they claim.  Without sufficient notice, then, Plaintiffs have no protected legal interest under the WVCCPA and Associated Materials is entitled to a judgment as a matter of law.

Accordingly, Associated Materials' motion for summary judgment is **GRANTED** as to Count VII and Plaintiffs' motion for partial summary judgment is **DENIED** as to Count VII.

### 5. West Virginia common law fraud and misrepresentation

The required elements of a common law claim for fraud or misrepresentation in West Virginia are:

---

binding within the Fourth Circuit.  Nonetheless, this Court defers to the holding in that case as it is directly on point in this case.

1) Defendant committed or induced an act;

2) Defendant's act was material and false;

3) Plaintiff justifiably relied on the Defendant's act under the circumstances; and

4) Plaintiff suffered damages from relying on the Defendant's act.

See Lengyel v. Lint, 167 W. Va. 272, 276 (1981).

Count VIII is a common law claim for fraud and misrepresentation.

Associated Materials moved for summary judgment as to Count VIII.  However, Plaintiffs did not properly address Associated Materials' summary judgment motion as to that count as required under Rule 56(e) of the Federal Rules of Civil Procedure.  Accordingly, this court considers facts that Associated Materials asserts in its summary judgment motion as undisputed facts, insofar as those facts relate to Count VIII.

Nevertheless, Associated Materials still has the burden to show there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. See Adickes v. S. H. Kress & Company, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).  Associated Materials has met this burden.  Taking the facts in Associated Materials summary judgment motion as undisputed as to Count VIII, the fact that Ms. Rawls clearly responded in her deposition that no Associated Materials

16

representative made any false statement precludes a prima facie common law case for fraud and misrepresentation. Without a prima facie case against it, Associated Materials is entitled to judgment as a matter of law.

Accordingly, Associated Materials' motion for summary judgment is **GRANTED** as to Count VIII.

## Conclusion

For the reasons stated above, this court hereby **ORDERS** as follows:

1) The Motion for Summary Judgment filed by Defendant Associated Materials, LLC, d/b/a Alside (Doc. No. 46) is **GRANTED** as to Counts VII, and VIII and **DENIED** in all other respects;[4]

2) The Motion for Partial Summary Judgment filed by Plaintiffs (Doc. No. 48) is **DENIED**;

3) The Motion to Strike Plaintiffs' Response in Opposition (Doc. No. 52) is **DENIED;** and

4) The Motion to Extend Time to File by Plaintiffs (Doc. No. 53) is **DENIED AS MOOT** since the court denied Defendants' Motion to Strike Plaintiffs' Response in Opposition.

---

[4] The Court notes that Plaintiffs previously voluntarily withdrew Counts IX and XI in their response in opposition to Associated Materials' motion to dismiss. See Doc. No. 8, p. 9. Accordingly, despite the fact that Associated Materials briefed these Counts IX and XI in its summary judgment motion, the Court need not address these counts and **DISMISSES** them accordingly.

17

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** on this 5th day of September, 2012.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge